IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-HC-2171-D

| | | |
|---|---|---|
| SOMCHAI NOONSAB, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WARDEN OF AVERY-MITCHELL, | ) | |
| | ) | |
| Respondent. | ) | |

On February 6, 2018, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 53] and recommended granting respondent's motion for summary judgment and dismissing Somchai Noonsab's ("Noonsab") 28 U.S.C. § 2254 petition as untimely. See [D.E. 53] 5. Noonsab objected to the M&R [D.E. 54, 55, 56, 57, 58].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). Moreover, the court need not conduct a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Wells v. Shriners Hosp., 109 F.3d 198, 200–01 (4th Cir. 1997). "Section 636(b)(1) does not countenance a form

of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only those portions of the report or specified proposed findings or recommendations to which objection is made." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (quotation and emphasis omitted).

Noonsab's filings, including his objections, are rambling, disjointed, and at times illegible. Most of Noonsab's objections reiterate arguments stated in his petition, and do not meaningfully rebut Judge Numbers' recommendations. Because Noonsab's objections fail to meaningfully address the M&R, de novo review is not required. See, e.g., Wells, 109 F.3d at 200–01; Orpiano, 687 F.2d at 47.

Alternatively, Noonsab's objections lack merit. The statutory period for Noonsab to file a habeas petition expired December 2, 2014. Noonsab did not file his petition until July 15, 2016, and has not plausibly alleged any basis for equitable tolling. See M&R at 2–5.

In sum, after reviewing the M&R, the record, and Noonsab's objections, the court agrees with the legal conclusions in the M&R. Accordingly, Noonsab's objections [D.E. 54, 55, 56, 57, 58] are OVERRULED, and the court adopts the conclusions in the M&R [D.E. 53]. Respondent's motion for summary judgment [D.E. 35] is GRANTED, and Noonsab's petition [D.E. 1] is DISMISSED as untimely. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). The clerk shall close the case.

SO ORDERED. This 18 day of February 2018.

JAMES C. DEVER III
Chief United States District Judge